Amos SINGLETARY, Appellant,

v.

STATE of Alaska, Appellee.

No. 3501.

Supreme Court of Alaska.

Sept. 8, 1978.

Vincent Vitale, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

Amos Singletary was convicted on December 9, 1975, of rape and burglary in a dwelling. That conviction and sentence were appealed to this court on April 7, 1976. On January 10, 1977, the appeal was dismissed by the Clerk of the Supreme Court pursuant to a motion filed under Appellate Rule 32(c)(2).[1]

On February 23, 1977, Amos Singletary filed a motion to reduce sentence pursuant to Rule 35(a), Alaska R.Crim.P. The superior court held that it lacked jurisdiction because the motion was untimely. The court observed that more than 60 days had passed since judgment and no mandate tolling the time had issued from this court on dismissal of Singletary's earlier appeal.

In rendering its decision the superior court stated:

"Under Criminal Rule 35(a) this court has jurisdiction over this motion to reduce sentence only if the Supreme Court's order of January 10, 1977, was a mandate. Clearly it was not. Appellate Rule 32(e) states: 'No mandate or other process shall issue on a dismissal under this rule without an order of the court.' No such order was either part of nor accompanied the January 10, 1977, order. Accordingly, this court is without jurisdiction. Mr. Singletary's February 23 motion to reduce sentence is hereby denied."

The question before us is whether after our dismissal of January 10, 1977, the lack of a formal mandate prevented the superior court from considering the motion to reduce sentence under Criminal Rule 35(a). That rule states:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days *after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal*, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief." (Emphasis added)

The issuance of a mandate by this court is governed by Appellate Rule 28.[2] Under

---

1. Alaska Rule of Appellate Procedure 32(c) states:

 "*Dismissal by Appellant or Petitioner.* (1) Whenever an appellant or petitioner in this court, by his attorney of record, shall file with the clerk of this court a motion to dismiss a proceeding to which such appellant or petitioner is a party, with proof of service as prescribed by these rules, and shall tender to the clerk any fees and costs that may be due, the adverse party, within seven days after service thereof, may file an objection, after which time the matter shall be determined by the court.

 (2) If no objection is filed, the clerk shall enter an order of dismissal without further reference to this court."

2. Alaska Rule of Appellate Procedure 28 states:

 "*Mandate.* Except as otherwise provided in these rules, in all cases finally determined in this court a mandate or other process shall, upon the payment of any cost due in the case, be issued as of course from this court to the superior court for the purpose of informing the latter of the proceedings in this court and so that further proceedings may be had in the superior court as may be required. Such mandate, if not stayed by order of a justice who participated in such decision, shall be issued as follows: (1) On the expiration of ten (10) days from the date of such final determination if a petition for rehearing is not filed; or (2) on the expiration of five (5) days from the date of determination of a petition for rehearing."

that rule a mandate is an order "from this court to the superior court for the purpose of informing the latter of the proceedings in this court and so that further proceedings may be had in the superior court as may be required." Appellate Rule 28. Both parties to this appeal contend that once the order of dismissal was entered by the supreme court, nothing more was necessary to terminate all action on the appellate level. Thus, they conclude that the notice of dismissal acts as a mandate.

However, Appellate Rule 32(e) relating to dismissals provides:

"No mandate or other process shall issue on a dismissal under this rule without an order of the [supreme] court."

In our view the order of dismissal did not amount to a mandate. The trial court ruled correctly in that respect. However, we believe that Criminal Rule 35(a) contains an ambiguity which must be resolved in order to determine the question presented in this appeal.

The language of Rule 35(a), quoted above, can be read as: "within 60 days after . . . dismissal of the appeal." In other words, the rule can be read as referring to either a mandate or a dismissal as the event which starts the running of the 60 day period within which a sentence may be reduced. If that construction is adopted, it would follow that Singletary's motion to reduce sentence was timely.

Criminal Rule 35(a) is designed to afford a criminal appellant the opportunity to seek a reduction of sentence after appellate proceedings have terminated. To effectuate that policy, we believe that one whose appeal has been dismissed should stand on the same footing as one whose case has been decided on the merits. The technicality of the issuance of a mandate, as contrasted with a mere order of dismissal, should not be determinative.

We hold that when a criminal appeal has been dismissed, though no mandate has been issued, the erstwhile appellant may seek relief in the superior court under Criminal Rule 35(a).

We need not address the other contentions of the parties.

REVERSED AND REMANDED.